**Andrew M. COLLARO, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 95–822.**

United States Court of Veterans Appeals.

Nov. 12, 1998.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

## ORDER

PER CURIAM:

On consideration of the veteran's motion to reconsider its October 15, 1998, order vacating the Board's decision and remanding for readjudication, it is

ORDERED that the motion is granted and the October 15, 1998, order is withdrawn and this order is issued in its stead:

This case comes to the Court on remand from the U.S. Court of Appeals for the Federal Circuit, arising out of a January 1997 order of this Court which dismissed the veteran's claim for lack of jurisdiction. The veteran appeals from a May 10, 1995, Board of Veterans' Appeals (BVA or Board) decision which granted a total schedular rating for schizophrenic reaction. For the reasons stated below, the Court will deem the record remanded for action consistent with this order.

In its opinion, the Federal Circuit mandated that this Court take jurisdiction over this matter when it stated, "[W]e vacate the judgment of the Court of Veterans Appeals and remand the case with instructions that the [C]ourt consider the merits of Collaro's constitutional and statutory claims." In accordance with the mandate of the Federal Circuit we have considered the merits of the veteran's constitutional and statutory claims. After due consideration of the veteran's claims, we undertake the following analysis and action.

The veteran claims that, in 1981, the Secretary unlawfully changed the characterization of his disability rating from TDIU to schedular and that a subsequent reduction in his schedular rating from 100% to 70% was made without regard to the clear and convincing evidence standard prescribed in 38 C.F.R. § 3.343(c). *See also* VA Circular 21–80–7 (Sept. 9, 1980). Because the 1981 reduction from 100% to 70% was made in the context of a schedular rating, in order to determine the need to explore the 1981 action by the Secretary, the Board shall first determine whether the evidence relied upon for that reduction would satisfy the requirement for clear and convincing evidence of employability under 38 C.F.R. § 3.343(c). Should the Board conclude that the requirement of clear and convincing evidence of employability is not met, it shall reinstate the 100% schedular rating. Should the Board determine that the requirement is met, it shall address the constitutional and statutory arguments in the first instance. Upon completion of the remand proceedings—to be expedited according to law—the Board shall return the record to the Court as supplemented by the Board's decision and any pleadings submitted to it by the appellant.

On consideration of the foregoing, it is

ORDERED that the record is deemed REMANDED to the Board for adjudication and supplementation consistent with this order.